[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on April 11, 1964 in Elkton, Maryland. They have resided in Connecticut since 1975. There are two minor children issue of the marriage, Beau Judd Lescott born December 12, 1973 and James Clifton Lescott born February 5, 1978.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of some 27 years. The wife aged 50, assumed the traditional role of homemaker and has devoted herself to the care and upbringing of the two minor children. The defendant has not worked outside the home in 18 years until January 1991, when she obtained employment of approximately 30 hours per week, averaging a gross of $1,260 per month.
Up until May 1990, the plaintiff held a responsible job as general advertising director with the New York Daily News earning a salary of $97,500 plus bonus. In May 1990 the plaintiff took a comparable position with the Houston Post at a salary of $100,000 per year. The plaintiff transferred to a New Jersey paper in 1991 earning the same salary of $100,000 per year. The plaintiff testified he left his last employment in March 1991 due to severe despair and depression. The plaintiff has been under the care of a psychiatrist and was placed on medication. The plaintiff had started with the Daily News in 1966 and his entire career has been in the newspaper business. The plaintiff is a high school graduate with 2 years of college. The plaintiff testified he has consistently sought employment in the newspaper field and is hopeful of relocating back to this area. He is presently living/staying in Florida with another woman with whom he has commenced a relationship. CT Page 5690
The parties separated in January 1990, although they had had separate bedrooms for a considerable period of time prior to that date. During the separation the plaintiff liquidated many of his assets and continued to provide the defendant and the two minor children with approximately $4,000 per month to maintain the family home and provide for his family's needs.
The younger son James aged 12, is a learning disabled child as well as being emotionally disturbed. Although he has been mainstreamed, the child still participates in some special resources courses. The child is presently being seen by Dr. Jerome Schiller on a regular basis. Dr. Schiller's report dated April 24, 1990, admitted into evidence without objection, indicates the mother's presence is needed for after school supervision of James. The mother's present work schedule allows her to be home at 3:30 p.m. The older son, Beau, will be attending college in the fall.
Unfortunately, the parties were unable to resolve their marital difficulties.
The following orders shall issue:
Real Property
1. The marital home located at 235 Marvin Ridge Road, New Canaan shall be promptly listed with a real estate broker and sold. After payment of the outstanding mortgage, taxes, real estate commission and usual closing costs, the net proceeds shall be divided 60% to the wife and 40% to the husband.
2. The wife shall have exclusive possession of the premises until sold.
3. Until such time as the property is sold, the plaintiff husband shall be solely responsible for the payment of the mortgage, taxes, home owner's insurance, electricity — not to exceed $100 per month, oil — not to exceed $200 per month and gardening/snow removal maintenance — not to exceed $100 per month.
4. The court shall retain jurisdiction with regard to any dispute arising out of the sale of the real estate.
Custody
The parties have agreed to joint legal custody of the two minor children with primary physical custody with the wife, subject to reasonable, liberal and flexible rights of visitation by the husband, and it is so ordered. CT Page 5691
Child Support
1. The defendant shall pay as child support for the two minor children the sum of $1,950 per month until December 12, 1991, at which time the child support shall be reduced to $1,725 per month until said minor child reaches the age of 18, dies or becomes emancipated. The award of child support shall be reviewed upon the husband's obtaining full time employment and/or upon the sale of the marital home.
2. The husband shall provide medical coverage for the benefit of the minor children as is available through his employment. The husband shall be responsible for one-half of any unreimbursed medical expense and the wife shall be responsible for one-half of any unreimbursed medical expense.
Alimony
1. Alimony is awarded to the defendant in the amount of $1 per year. Said alimony shall continue until the death or remarriage of the wife, the death of the husband or until the wife reaches the age of 65 whichever event shall first occur.
2. Upon the plaintiff husband obtaining gainful full time employment, the award of alimony shall be modifiable by the court after a hearing, if the parties are unable to agree on an appropriate amount.
3. The court finds that the defendant has an earning ability of $100,000. The defendant has had a long and successful career in the newspaper publishing business, and expects to obtain employment within 60 to 90 days.
Other Property
1. The defendant wife shall be entitled to her IRA.
2. The defendant wife shall be entitled to the furniture or furnishings contained in the marital home.
3. Each party shall be entitled to the motor vehicle presently in their respective possession.
4. The defendant shall be entitled to his 401K Plan and the remaining assets as noted on his financial affidavit unless otherwise disposed of herein. It is the court's intent that the proceeds of the 401K Plan which the plaintiff will receive shortly will provide the plaintiff husband with a stream of income for child support purposes and for maintaining the real CT Page 5692 estate until such time as the husband obtains employment.
QDRO Pension Plan
The plaintiff shall be entitled to a Qualified Domestic Relations Order (QDRO) with respect to the defendant's New York Daily News Pension Plan in the amount of 30%. The court shall retain jurisdiction in this matter.
Life Insurance
The husband shall provide and maintain life insurance in the amount of $150,000 with the wife and minor children noted as irrevocable beneficiaries thereon, for so long as the plaintiff husband has an obligation for alimony and/or child support. This provision shall be modifiable.
Custodial Accounts
Both parties have agreed and subject to the parties reducing the agreement to writing, it is ordered that the custodial accounts shall be held in trust for the minor children Beau and James. Said custodial funds shall be used for the following purposes:
(a) Post secondary education for Beau Lescott including tuition, books, room and board and living expenses.
(b) Post secondary education and private secondary education (if medically necessary or mandated) for James Lescott.
DEBTS
Each party shall be responsible for their own debts as listed on their respective financial affidavits.
Counsel Fees
The plaintiff shall pay to the defendant as counsel fees, the sum of $2,000.
COPPETO, J.